# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VAN JENKINS,      :
          :
    Plaintiff,    :
          :
   v.       :   Civil Action No. 16-1676 (CKK)
          :
U.S. DEPARTMENT OF JUSTICE,  :
          :
    Defendant.   :

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment and to Dismiss, ECF No. 15. For the reasons discussed below, the Court will grant the motion.[1]

## I. BACKGROUND

Plaintiff currently is incarcerated at the Parnall Correctional Facility in Jackson, Michigan. Compl. ¶ 5. He alleges that "[d]efendant holds Records and Bonds information, Judgment information and/or Commercial crimes Bonding Information and/or Case Bonding information and/or commercial crimes Bonding information Certificate," *id*. ¶ 9, about him, *see id*. ¶ 10.

---

[1] The Court grants plaintiff leave to file an Application for Appointment of Counsel and Motion for Injunction and Temporary Restraining Order. Both motions are denied. Plaintiff seeks counsel to represent him on appeal, and his request must be directed to the U.S. Court of Appeals for the District of Columbia Circuit. His request for injunctive relief pertains to matters far beyond the scope of this FOIA case, and this Court is not the appropriate forum for adjudication of claims arising from the conditions of plaintiff's confinement in the custody of the Michigan Department of Corrections.

Under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, plaintiff submitted

a request for information to the United States Attorney's Office for the Eastern District of

Michigan, and its caption read:

> IDENTIFICATION OF REQUESTER: IN ACCORDANCE WITH
> 28 CFR Sec. 16.41(d) INFORMATION IN RE: DISCLOSURE OF
> ALL CRIMINAL BONDS, BONDING, JUDGMENT NUMBERS,
> OR OTHERWISE AS REQUESTED, CASE NO. 08-1329-FH
> WASHTENAW COUNTY 22ND JUDICIAL CIRCUIT COURT,
> ANN ARBOR, MICHIGAN & CASE NO. 13-708614

Compl., Ex. A-1 (Letter to Nancy Aishie A. Abraham from plaintiff dated May 3, 2016)

(emphasis in original). The request made its way to the Executive Office for United States

Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ"). *Id.* ¶

12.

EOUSA staff construed the request as one for information about two criminal cases in the

Michigan state courts. Mem. of P. & A. in Support of Def.'s Mot. for Summ. J. and to Dismiss

("Def.'s Mem."). Decl. of David Luczynski ("Luczynski Decl.") ¶ 3. EOUSA's declarant

explained that "DOJ does not prosecute state cases in Michigan, and [it] was not involved in the

cases for which plaintiff seeks information." Luczynski Decl. ¶ 4. "Because plaintiff [sought]

information about state (rather than federal) cases, no DOJ system of records is likely to contain

any records sought by plaintiff." *Id.* Nevertheless, EOUSA staff assigned the matter a tracking

number (FOIA-2016-2583) and notified plaintiff that his request was incomplete because he had

"not provide[d] a notarized example of his signature or a certification of identity." *Id.* ¶ 5.

Plaintiff was instructed to "file a new, corrected FOIA request." *Id.*

Plaintiff resubmitted his request, Compl. ¶ 13, and filed an administrative appeal to the

DOJ's Office of Information Policy ("OIP") both challenging the EOUSA's purported delay in

responding to his original FOIA request and requesting expedited processing of the appeal, *id.* ¶¶

13-16; *see* Luczynski Decl, Ex. E (Letter to Director of OIP from plaintiff dated July 13, 2016).

EOUSA staff assigned the request a tracking number (FOIA-2016-3203) and notified plaintiff

that his second request was deficient also. Luczynski Decl. ¶ 7. "[F]iles and records of United

States Attorneys are maintained in over one hundred separate offices throughout the United

States," Compl., Ex. C-3 (Letter to plaintiff from dated July 19, 2016) at 1, and unless plaintiff

identified "the specific United States Attorney's [O]ffice(s) where he believed the records may

be located," the EOUSA would not process his request, Luczynski Decl. ¶ 7. Plaintiff was

instructed to correct the deficiency and to file a new FOIA request. *Id.* Aside from the July 13,

2016 administrative appeal to the OIP, *id.* ¶ 9, "DOJ has not received any further communication

from . . . plaintiff," *id.* ¶ 10.

## II. DISCUSSION

### A. *The EOUSA Complied with the FOIA*

#### 1. Plaintiff Failed to Submit a Proper FOIA Request to the EOUSA

An "agency, upon any request for records which (i) reasonably describes such records

and (ii) is made in accordance with published rules stating the time, place, fees (if any), and

procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. §

552(a)(3)(A). "Omitting one of the two threshold requirements for a proper FOIA request . . .

warrants dismissal." *Lowe v. DEA*, No. 06-CV-1133, 2007 WL 2104309, at *5 (D.D.C. July 22,

2007) (citations omitted). Records are reasonably described "if a professional employee of the

agency familiar with the subject matter can locate the records with a reasonable amount of

effort." *Armstrong v. Bush*, 139 F.R.D. 547, 553 (D.D.C. 1991) (citations and internal quotation

marks omitted). If an agency's response to a FOIA request calls for "an unreasonably

burdensome search," *Am. Fed'n of Gov't Employees, Local 2782 v. U.S. Dep't of Commerce,*

632 F. Supp. 1272, 1278 (D.D.C. 1986) (citing *Goland v. CIA*, 607 F.2d 339, 353 (D.C. Cir.

1978)), the agency need not honor the request.

The EOUSA requires that a requester specify the particular United States Attorney's

Office(s) where he believes the desired information is located. Its declarant explains:

> A search of every United States Attorney's office for a case related
> to [plaintiff] would be unreasonably burdensome because each
> United States Attorney's office handles record-keeping differently.
> They vary greatly in size and number of staff as well as the amount
> of cases handled. Due to these variations, larger offices have larger
> record-keeping filing systems, or even off site storage, while smaller
> offices have dedicated file rooms or cabinets on the premises.
> Asking each of the offices, large and small, to . . . examine each of
> their files and storage boxes would be unduly burdensome. In
> addition, most U.S. Attorney's offices are understaffed.
> Accordingly, requesters are required to provide the location of the
> office(s) in which they [believe] records are most likely to be held
> so as to ease the burden on the staff as well as to expedite the FOIA
> process.

Luczynski Decl. ¶ 8.

Plaintiff responds that he submitted his FOIA request initially to the United States

Attorney's Office for the Eastern District of Michigan. Pl.'s Opp'n ¶ 42. For this reason,

plaintiff argues that defendant "already knew" that he sought records located in the Eastern

District of Michigan. *Id.* ¶¶ 43-44. It was plaintiff's obligation to reasonably describe the

records he seeks, and neither of his FOIA requests identifies the Eastern District of Michigan as

the targeted office.

The Court concludes that plaintiff did not submit a proper FOIA request, *Keys v. Dep't of

Homeland Sec.*, No. 08-CV-0726, 2009 WL 614755, at *5 (D.D.C. Mar. 10, 2009) (concluding

that "[p]laintiff failed to reasonably describe the records sought because he did not respond to

EOUSA's letter notifying him that he must identify specific offices to be searched"), and the EOUSA's responses did not violate the FOIA.[2]

      2. The EOUSA Does Not Maintain Records Responsive to Plaintiff's Request

Ordinarily, "[i]n order to obtain summary judgment[,] the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (citations omitted). However, the agency need not conduct a search if it demonstrates that a search would be futile. *See Amnesty Int'l USA v. CIA*, No. 07-CV-5435, 2008 WL 2519908, at *11 (S.D.N.Y. June 19, 2008) ("FOIA does not demand a search that would be futile.").

EOUSA's declarant explains that "DOJ does not prosecute state cases in Michigan, and [it] was not involved in the [criminal] cases" identified by plaintiff in his FOIA requests. Luczynski Decl. ¶ 4. Thus, he concludes, "no DOJ system of records is likely to contain any records sought by plaintiff." *Id.* The Court is not persuaded by plaintiff's assertion that defendant must have responsive records because "[t]he United States District Court purchases all State Court Judgments," and the criminal court case numbers he provided are the means by which "to find who hold[s] a Defendant's Bond." Pl.'s Opp'n ¶ 9; *see id.* ¶¶ 10-18.[3] Nor is there any reason to treat defendant's compliance with DOJ procedures for handling a FOIA request,

---

[2] An agency's obligation to disclose records accrues upon its receipt of a proper FOIA request. *See Swope v. Dep't of Justice*, No. 12-CV-1439, 2014 WL 12621059, at *4 (D.D.C. Mar. 20, 2014); *Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 26 (D.D.C. 2008). Because plaintiff had not submitted a proper FOIA request, the EOUSA was not obligated to process the request at all, let alone on an expedited basis as plaintiff demanded. *See* Compl. ¶¶ 13-17, 19, 24.

[3] The Court construes plaintiff's submission titled "DEFENDANTS AREN'T ENTITLED TO SUMMARY JUDGMENT & DISMISSAL PURSUANT TO 5 U.S.C. 702 BUT PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT PURSUANT TO 5 U.S.C. [§] 552(a)(6)(c)," ECF No. 18, as his opposition to defendant's motion for summary judgment.

*see id*. ¶¶ 37, 42, as an admission that the EOUSA maintains (and refuses to disclose) responsive records.

An agency need only search files that are *likely* to contain responsive records. *See Oglesby*, 920 F.2d at 68. Where, as here, defendant demonstrates the "unlikelihood of the existence of any responsive agency records," *Wright v. Admin. for Children & Families*, No. 15-CV-218, 2016 WL 5922293, at *6 (D.D.C. Oct. 11, 2016), the EOUSA was not required to conduct a search at all, *see Earle v. U.S. Dep't of Justice*, 217 F. Supp. 3d 117, 124 (D.D.C. 2016) (granting summary judgment in DOJ's favor based on "a declaration amply demonstrating that a search would be futile because the documents in question do not exist").

### B. Plaintiff's Administrative Procedure Act Claim Is Dismissed

Plaintiff deems defendant's failure to respond to his FOIA request and request for expedited processing a violation of the Administrative Procedure Act ("APA"). *See* Compl. ¶¶ 27, 29-30. "The APA permits judicial review of 'final agency action[s] for which there is no other adequate remedy in a court.'" *Elec. Privacy Info. Ctr. v. Nat'l Sec. Agency*, 795 F. Supp. 2d 85, 94 (D.D.C. 2011) (quoting 5 U.S.C. § 704). Here, plaintiff is demanding the release of records purportedly maintained by a federal government agency. "[A]n adequate alternative remedy is available under FOIA with respect to all of the relief [p]laintiff seeks in [his] APA claim." *Cause of Action Inst. v. Eggleston*, No. 16-CV-871, 2016 WL 7243518, at *8 (D.D.C. Dec. 15, 2016). Therefore, the Court will dismiss plaintiff's APA claim. *See Harvey v. Lynch*, 123 F. Supp. 3d 3, 8 (D.D.C. 2015) ("[S]ettled precedent makes clear that a FOIA requester may not seek relief under the APA for a violation of FOIA or the governing FOIA regulations."); *Feinman v. FBI*, 713 F. Supp. 2d 70, 76 (D.D.C. 2010) (noting that courts "have uniformly declined jurisdiction over APA claims that sought remedies made available by FOIA"); *Edmonds*

*Inst. v. U.S. Dep't of the Interior*, 383 F. Supp. 2d 105, 111-12 (D.D.C. 2005) (finding that FOIA precluded APA claim that agency "failed to respond to [the plaintiff's] FOIA requests within the twenty working dates required by statute").

### III. CONCLUSION

The EOUSA has demonstrated its compliance with the FOIA, and the Court will grant defendant's motion.  An Order consistent with this Memorandum Opinion is issued separately.


DATE: July 11, 2017                                            /s/
                                                              COLLEEN KOLLAR KOTELLY
                                                              United States District Court Judge