UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VAN JENKINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 16-1676 (CKK) |
| | : | |
| U.S. DEPARTMENT OF JUSTICE, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Plaintiff brought this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, in an effort to obtain information allegedly maintained by the United States Attorney's Office for the Eastern District of Michigan ("USAO/MIE"). The Court granted Defendant's Motion for Summary Judgment and to Dismiss on July 12, 2017, and plaintiff appealed. The United States Court of Appeals for the District of Columbia Circuit remanded this matter for further proceedings on the adequacy of defendant's search for records responsive to plaintiff's FOIA request. *See* Order, *Jenkins v. U.S. Dep't of Justice*, No. 17-5184 (D.C. Cir. Aug. 14, 2018). As the D.C. Circuit suggested, this Court "order[ed defendant] to submit a reasonably detailed affidavit upon which the reasonableness of its search can be judged." *Id*.

Having reviewed defendant's declaration, plaintiff's response, and the parties' respective exhibits, the Court concludes that defendant conducted an adequate search for records responsive to plaintiff's FOIA request.

I. Plaintiff's FOIA Request

Plaintiff sent a letter dated May 3, 2016, to Nancy Aishie A. Abraham, an Assistant United States Attorney ("AUSA") in the USAO/MIE's in Flint, Michigan office, the caption of which reads:

> IDENTIFICATION OF REQUESTER: IN ACCORDANCE WITH 28 CFR Sec. 16.41(d) INFORMATION IN RE: DISCLOSURE OF ALL CRIMINAL BONDS, BONDING, JUDGMENT NUMBERS, OR OTHERWISE AS REQUESTED, CASE NO. 08-1329-FH WASHTENAW COUNTY 22ND JUDICIAL CIRCUIT COURT, ANN ARBOR, MICHIGAN & CASE NO. 13-708614

Compl., Ex. A-1 at 1 (emphasis in original). Plaintiff sought "full disclosure and release of all records . . . [c]ontained in the files of [EOUSA] . . . under [his] name and/or identifier to [his] name." *Id*., Ex. A-1 at 1 (emphasis removed). He listed several categories of information of interest to him, such as "Criminal Bonding information" and "Judgment Numbers information[.]" *Id*., Ex. A-1 at 1. The letter found its way to the Executive Office for United States Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ"). *See id*., Ex. A-1 at 3.

EOUSA assigned the matter a tracking number, FOIA-2016-02583. Mem. of P. & A. in Support of Def.'s Mot. for Summ. J. and to Dismiss ("Def.'s Mem."). Decl. of David Luczynski ("Luczynski Decl.") ¶ 5. Because plaintiff had not "provide[d] a notarized example of his signature or a certification of identity," Luczynski Decl. ¶ 5, EOUSA asked that he return a Certification of Identity form and "clarify whether [he] was seeking or all records or records related to bonds only," *id*. Plaintiff returned the form, *see* Compl., Ex. B-2 at 5, accompanied by a letter with the caption:

> RE: REQUEST NO. FOIA-2016-02583; VAN JENKINS (SELF)/BONDS & RECORDS; GOVERNMENT CERTIFIED RECORDS PURSUANT TO 28 U.S.C. 1733(a) FOR CASE(S): 82-

13708614-01-FH & 08-1329-FH; AMENDED REQUEST OF FOIA TO THE 5/3/16 REQUEST.

*Id.*, Ex. B-2 at 1 (emphasis in original).

EOUSA assigned the matter a new tracking number, FOIA-2016-3203, and deemed the request deficient. Luczynski Decl. ¶ 7. Applicable regulations require that a requester identify the specific United States Attorney's Office where he believed responsive records may be located, and plaintiff had not done so. *Id*. Plaintiff was informed that he could correct the deficiency and file a new FOIA request. *Id*.

Plaintiff pursued administrative appeals of EOUSA's initial determinations on FOIA-2016-2583 and FOIA-2016-3203 to DOJ's Office of Information Policy ("OIO"). *See* Resp. Pleading to Def.'s Supporting Decl. on the Adequacy of Pl.'s FOIA Request Search for Records ("Pl.'s Resp."), Ex. B at 20-21. OIP notified plaintiff by letter dated September 1, 2016, that, "[a]s a result of discussions between EOUSA personnel and [OIP], EOUSA . . . agreed to conduct a search for responsive records in [USAO/MIE]." *Id*., Ex. B at 26. And as defendant represented to the D.C. Circuit, "it [ran] a search for documents responsive to [plaintiff's] FOIA request[.]" Order, *Jenkins v. U.S. Dep't of Justice*, No. 17-5184 (D.C. Cir. Aug. 14, 2018).

II. USAO/MIE's Search for Responsive Records

    A. The Declarant

The declarant, who currently is a Senior Legal Assistant for USAO/MIE's Civil Division, was USAO/MIE's FOIA Coordinator from July 2012 through July 2018. Notice of Filing Search Decl., Decl. of Michelle Said Land ("Land Decl.") ¶ 1. Her duties included "the coordinating of [FOIA] requests for access to records located [in USAO/MIE]," which has offices in Flint, Bay City, and Detroit, Michigan. Land Decl. ¶ 1. She made her declaration

3

based "either on . . . [her] own personal knowledge or . . . knowledge [she] acquired . . . through the performance of [her] official duties," *id*., and was "familiar with the procedures that were followed . . . in coordinating the search for records responsive to [the] FOIA request of Van Jenkins," *id*. ¶ 2.

B. CaseView

United States Attorney's Offices use "a computerized docketing/case management system" called CaseView. *Id*. ¶ 4. CaseView "tracks cases or matters for the entire USAO." *Id*. When a case or matter is opened, CaseView assigns it a "USAO" internal tracking number. *Id*. "The information entered into . . . CaseView . . . is a series of individual records linked together, or related, in local order." *Id*. Records "may include . . . the names of parties, the names of related cases, what the case is about, which Assistant United States Attorney is handling the case, the Court assigned to the case, and the stage of each case." *Id*. A user may search CaseView "for a specific name." *Id*. ¶ 5. The system also "is capable of cross-referencing other related case[] information." *Id.*

CaseView is the only computerized case management system of records in use at USAO/MIE. *See id*. ¶ 6. It incorporates information which had been maintained in the previous system, LIONS, *id*. ¶ 7, and "[d]ue to the large number of files maintained by the [USAO/MIE], any search for case related documents must be performed by the use of CaseView," *id*. ¶ 6. According to the declarant, a "purely manual search for specific files/documents would be so burdensome as to be virtually impossible[,]" *id*., given that records might be maintained at one of three office locations within the Eastern District of Michigan, and that closed files periodically are sent to archives, *see id*.

C. CaseView Searches

On May 9, 2016, Land received an email from Kristi Bashaw, Supervisory Legal Assistant in the Flint, Michigan office. *Id*. ¶ 3. Attached were copies of "multiple letters from Van Jenkins to various parties," including plaintiff's May 3, 2016, letter addressed to AUSA Abraham. *Id*.

Land conducted a CaseView search on May 10, 2016, using variations of plaintiff's name (Van Jenkins, VanJenkins, and Jenkins) as search terms. *Id*. ¶ 7. This search yielded "no records . . . matching [plaintiff's] name." *Id*. She made an effort "to identify any USAO case name/matter name, a civil or criminal action number from within [plaintiff's] letters . . . without success." *Id*. Queries using "information provided by [plaintiff], case numbers: 08-1329-FH and 13-708614 in 'Washtenaw County 22nd Judicial Circuit Court, Ann Arbor, Michigan,' yielded no results." *Id*. Land's "recent attempt at repeating the search for the case numbers provided in the FOIA request and entered into . . . CaseView did not result in locating responsive records." *Id*.

Land also queried the federal courts' PACER system "in the Eastern District of Michigan . . . using the last name 'Jenkins' in the search field." *Id*. ¶ 8. Although this PACER search located ten civil cases, review of each docket "did not reveal any federal case [USAO/MIE] handled involving [plaintiff.]" *Id*. Nor did Land find that an Assistant U.S. Attorney at USAO/MIE appeared as the attorney of record assigned to any of these cases." *Id*.

Because plaintiff mentioned AUSA Nancy Abraham by name in his FOIA request, Land contacted her. *Id*. ¶ 9. Abraham "performed an email search going back five years" and "searched her paper copy files of every criminal judgment," but found no responsive records. *Id*.

5

However, Abraham did locate references to plaintiff's two email messages: one dated "October 16, 2018 . . . from Kristi Bashow to the Flint and Bay City branch offices asking if the name Van Jenkins meant anything," *id*., and the other dated November 1, 2018 from Bashow to Abraham which "included a copy of the letter . . . from Van Jenkins which had been forwarded to , , , Land on May 9, 2016," *id*.

Land avers that "there is no other location in [USAO/MIE] where . . . records which might be responsive to [p]laintiff's request are likely to be located," *id*. ¶ 10, and that "[a]ll locations that are likely to contain records about the plaintiff in the Eastern District of Michigan have been searched," *id*. ¶ 11. She is "not aware of any other method or means by which a further search could be conducted that would likely uncover additional responsive records." *Id*.

### D. Plaintiff's Challenges to USAO/MIE's Search

First, plaintiff believes that EOUSA's declarants were not truthful when claiming USAO/MIE would not or did not maintain records about him. *See* Pl.'s Resp. ¶ 17. According to plaintiff, he "is not the only one who made FOIA request[s] for the same state case records and bonds." *Id*. ¶ 18. He cites one case where the FBI released 93 pages of records in response to the prisoner plaintiff's FOIA request for information related to his purportedly wrongful state court conviction. *See Andrews v. FBI*, No. CV F 11-1659, 2013 U.S. Dist. LEXIS 2973, at *3-*4 (E.D. Cal. Jan. 7, 2013). Plaintiff appears to argue that, because records pertaining to his own state criminal case include "FBI reference numbers, and in the Presentence Report is plaintiff's assigned FBI Number," FBI would have been able to "collect state case information as access to the Inmate's central file held in Federal Central Records System." Pl.'s Resp. ¶ 20. Second, plaintiff offers instructions on the means by which Land could locate lists of bonds and sureties

6

using the federal courts' websites, *see* Pl.'s Resp. ¶¶ 21-27, 36, and faults defendant for its failure to seek records maintained outside of USAO/MIE. *See id.* ¶ 26.

Plaintiff misunderstands both an agency's obligations under FOIA and the limits of this Court's jurisdiction. This Court may "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from [plaintiff]." 5 U.S.C. § 552(a)(4)(B). Plaintiff does not explain how a search of records maintained by some other DOJ component has any bearing on whether USAO/MIE maintains the information he requests, or how USAO/MIE staff might retrieve FBI records through CaseView using an FBI number as a search term. Nor does plaintiff explain whether or how court documents could be considered "agency records," meaning those records created or obtained by an agency, and in its control at the time a FOIA request is made. *See U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989). USAO/MIE does not run afoul of FOIA by its purported failure to seek out records maintained by other government agencies. *See, e.g., White v. U.S. Dep't of Justice*, 840 F. Supp. 2d 83, 90 (D.D.C. 2012) (rejecting requester's argument that one agency component must seek information from another agency component in order to perform an adequate search of the first component's record system), *aff'd sub nom. White v. U.S. Dep't of Justice Exec. Office for U.S. Attorneys*, No. 12-5067, 2012 WL 3059571 (D.C. Cir. July 19, 2012).

Plaintiff's third and fourth challenges are no more successful. He faults defendant for "fail[ing] to provide a certificate showing that the FOIA records do not exist." Pl.'s Resp. ¶ 27. FOIA imposes no such obligation on an agency. It "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained." *Kissinger*, 445 U.S. at 152; *see Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985) (finding that agency need not "create documents or opinions in response to an individual's

7

request for information"), *aff'd,* 808 F.2d 137 (D.C. Cir. 1987). And plaintiff's unsupported assertion that defendant's "declaration contains inaccurate information and is simply not true," Pl.'s Resp. ¶ 28, falls far short of rebutting the presumption that an agency's declaration is submitted in good faith, *see SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). Defendant's "failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records." *Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004).

III. CONCLUSION

Defendant adequately demonstrates that CaseView is the system most likely to contain records responsive to plaintiff's FOIA request, explains the organization of information within CaseView, describes the means by which Land queried CaseView using variations of plaintiff's name as search terms. These steps are reasonable under the circumstances of this case, even if the search yielded no responsive records. There is no need for a Vaughn index or *in camera* review, as plaintiff has requested. *See* Pl.'s Resp. ¶¶ 29, 36-37

The Court concludes that defendant conducted an adequate search for records responsive to plaintiff's FOIA request. An Order is issued separately.

DATE: June 17, 2019         /s/
                            COLLEEN KOLLAR KOTELLY
                            United States District Court Judge